[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15757
Non-Argument Calendar
_____

Agency No. A205-345-405


SUJAY KUMAR PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 13, 2016)

Before HULL, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Sujay Kumar Patel petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for withholding of removal, as well as the BIA's denial of his motion to remand based on changed country conditions. Patel's withholding of removal claim was denied based on a lack of corroborating evidence to support his claim of past persecution in India. He claimed he was tortured, abused, and harassed by police and members of the Bharatiya Janata Party ("BJP"), a political party, for allowing a Muslim family to stay at his home and for working against the BJP in the national elections. He argues that he provided sufficient corroboration to the IJ, and any further corroborating evidence was reasonably unavailable to him. Additionally, his motion to remand, treated as a motion to reopen, based on changed country conditions was denied by the BIA. He argues that he established grounds to reopen based on the results of the national election, where Narendra Modi, a BJP politician, became the prime minister.

## I.

We review only the decision of the BIA, except to the extent that the BIA expressly adopted the IJ's decision or explicitly agreed with the IJ's reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA issued its own opinion but agreed with the IJ's findings, we will review both decisions to the extent of the agreement. *Id.*

2

We review factual determinations under the substantial-evidence test, which requires that we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). This Court must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Id.* To reverse factual findings, we must determine that the record compels reversal, not merely supports a different conclusion. *Id.* at 1027.

To qualify for withholding of removal under the Immigration and Nationality Act ("INA"), the applicant must show that if returned to his country, his life or freedom would be threatened in that country because of his race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The petitioner must demonstrate that it is more likely than not that he will be persecuted or tortured upon removal to his country. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).

The applicant bears the burden of establishing eligibility for relief by offering "credible, direct, and specific evidence in the record." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). The testimony of an applicant may be sufficient alone to sustain the applicant's burden where the testimony is credible, persuasive, and refers to specific facts demonstrating an entitlement to

relief.  INA § 240(c)(4)(B), 8 U.S.C. § 1229a(c)(4)(B).  When credible testimony alone is insufficient, the applicant bears the burden to provide corroborating documents.  *Matter of L-A-C-*, 26 I&N Dec. 516, 518 (BIA 2015).  The weaker the applicant's testimony, the greater the need for corroborating evidence.  *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005.  Where the IJ "determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence."  INA §§ 240(c)(4)(B), 242(b)(4), 8 U.S.C. § 1229a(c)(4)(B).

Substantial evidence supports the determination that Patel did not meet his burden of proving entitlement to withholding of removal because of a failure to adequately corroborate his testimony.  First, although Patel's testimony was generally consistent internally and with other evidence in the record, and the agency did not make an adverse credibility finding, the record does not compel a finding that his testimony was sufficiently detailed and persuasive to meet his burden of proof without corroborating evidence.  *See* INA § 240(c)(4)(B), 8 U.S.C. § 1229a(c)(4)(B).  Second, the record does not compel a finding that the corroborating evidence that Patel provided was enough to meet his burden of proof in conjunction with his testimony.  Third, the record does not compel a finding that the IJ erred in finding that Patel's explanations did not establish that further

corroborating evidence was not reasonably available. *See* INA § 242(b)(4), 8 U.S.C. § 1252(b)(4).

## II.

When an applicant files a motion with the BIA that his case be remanded to the IJ for consideration of additional evidence, that motion is treated as a motion to reopen. *Al Najjar v. Ashcroft*, 257 F.3d at 1301. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). An abuse of discretion occurs when the BIA acts either arbitrarily, capriciously, or contrary to law. *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008). The motion must state the new facts that will be proven at a subsequent hearing and must be supported by material evidence that was unavailable and could not have been discovered or presented at the prior hearing. INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B), 8 C.F.R. § 1003.2(c)(1). It is within the BIA's discretion to deny a motion to reopen based on any of the following reasons: (1) failure to establish a *prima facie* case; (2) failure to introduce evidence that was material and previously unavailable; and (3) a determination that, despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion. *Jiang*, 568 F.3d at 1256. Evidence is material only if the alien can demonstrate that, if proceedings were reopened, the new evidence would likely change the result. *Id*. at 1256-57.

5

The BIA did not abuse its discretion by denying Patel's motion to reopen for the IJ to consider an asylum application based on changed country conditions. Evidence that Modi was likely to win the election for prime minister was presented to the IJ. The evidence concerning the election results does not constitute new and material evidence of changed country conditions because it merely confirmed an election outcome that was considered by the IJ. *See Jiang*, 568 F.3d at 1256. Accordingly, we deny the petition.

**PETITION DENIED.**