Okunev v. Sessions

BIA
Hom, IJ
A205 895 089

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> DENNIS JACOBS,
> GERARD E. LYNCH
> *Circuit Judges.*

_____

ANDREY OKUNEV,
> *Petitioner,*

v.                                          16-840
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Rakhvir Dhanoa, New York, NY.

FOR RESPONDENT:            Benjamin C. Mizer, Principal
                           Deputy Assistant Attorney
                           General; Nancy Friedman, Senior
                           Litigation Counsel; Sharon M.
                           Clay, Trial Attorney, Office of
                           Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Andrey Okunev, a native of the former Soviet Union and citizen of Russia, seeks review of a February 22, 2016, decision of the BIA affirming a July 28, 2015, decision of an Immigration Judge ("IJ") denying Okunev's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Andrey Okunev,* No. A205 895 089 (B.I.A. Feb. 22, 2016), *aff'g* No. A205 895 089 (Immig. Ct. N.Y. City July 28, 2015).  We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA (i.e., excluding the adverse credibility determination, which the BIA did not reach).  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in denying relief based on Okunev's failure to submit reasonably available corroborating evidence. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). Notwithstanding Okunev's assertion to the contrary, the agency reasonably determined that his testimony alone was insufficient to demonstrate his eligibly for relief:

> The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii).

Although Okunev provided a detailed narrative, he relied in part on hearsay and failed to describe injuries

3

sustained as a result of multiple beatings.  He provided no statement from the friend with whom he attended protests, and acknowledged that he had no firsthand knowledge of what happened to this friend at a 2007 protest.  He described multiple serious beatings but produced no medical records or any other evidence to corroborate his injuries and failed to describe the extent of his injuries.  He did not corroborate his United Civil Front membership or activism, even though he testified that he had joined the organization through its website.  And he produced no statements from family or friends in Russia, despite testifying that his family told him over the phone that they had been visited by people searching for him since he arrived in the United States, and that his friend Dmitri had called him in the United States to warn him that he was in danger.  Given this dearth of evidence, the agency did not err in finding that Okunev failed to meet his burden of proof.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4).

The agency did not err in rejecting Okunev's explanation for the absence of a statement from the friend with whom Okunev was detained and beaten after the 2012 protest, and who was also beaten after the 2007 protest.  *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a

4

determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").  Okunev explained that a statement from this friend was in a bag that was stolen in New York City, that he reported the theft to the police, but that he did not file a report because his visa had expired and he did not want to present his passport when asked for identification.  The IJ rejected this explanation, noting that New York City has adopted policies that allow crime victims to access city services without fear of immigration consequences.  A reasonable adjudicator would not be compelled to accept the explanation, particularly given Okunev's initial willingness to go to the police and report the theft.  Okunev does not challenge the IJ's rejection of his various explanations for the absence of the other evidence and has therefore waived review of the agency's determination that the evidence was reasonably available.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

While Okunev argues that his case should be remanded because the Government did not provide evidence to establish the conditions in Russia, it was Okunev's burden to prove his claim; "[t]he burden of proof is on the applicant to establish that the applicant is a refugee . . . ." 8 U.S.C. § 1158(b)(1)(B)(i). "[T]he alien bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ." *Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009). The statute "clearly states that corroborative evidence may be required, placing immigrants on notice of the consequences for failing to provide corroborative evidence." *Rapheal v. Mukasey*, 533 F.3d 521, 530 (7th Cir. 2008). Moreover, "the instructions for the Application for Asylum and Withholding of Removal (Form I-589) provide . . . notice to an applicant that he 'must submit reasonably available corroborative evidence' relating to *both general country conditions and the specific facts upon which the claim is based*." *Matter of L-A-C-*, 26 I. & N. Dec. 516, 520 (B.I.A. 2015) (emphasis added). Okunev also failed to exhaust this argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk