# Matter of L-A-C-, Applicant

*Decided March 19, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where an Immigration Judge finds that an applicant for asylum or withholding of removal has not provided reasonably available corroborating evidence to establish his claim, the Immigration Judge should first consider the applicant's explanations for the absence of such evidence and, if a continuance is requested, determine whether there is good cause to continue the proceedings for the applicant to obtain the evidence.

(2) Although an Immigration Judge should consider an applicant's explanation for the absence of corroborating evidence, section 208(b)(1)(B)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1)(B)(ii) (2012), does not require the Immigration Judge to identify the specific evidence necessary to meet the applicant's burden of proof and to provide an automatic continuance for the applicant to obtain that evidence.

FOR RESPONDENT: Rebekah B. Rodriguez, Esquire, Houston, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Alex D. Perez, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and CREPPY, Board Members.

MALPHRUS, Board Member:

In a decision dated October 28, 2013, an Immigration Judge denied the applicant's applications for withholding of removal pursuant to section 241(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(A) (2012), and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). The applicant has appealed from that decision. The applicant has also submitted additional evidence on appeal, which we construe as a motion to remand. The appeal will be dismissed and the motion will be denied.

## I.  FACTUAL AND PROCEDURAL HISTORY

The applicant is a native and citizen of Guatemala who entered the United States without authorization in 2004.  On February 19, 2008, an Immigration Judge ordered the applicant removed to Guatemala.  The applicant reentered the United States in 2008, and in 2012, he was removed upon reinstatement of the original removal order.  He returned to the United States again shortly thereafter.  In 2013, the Department of Homeland Security ("DHS") initiated these withholding-only proceedings against the applicant.

Before the Immigration Judge, the applicant filed an application for withholding of removal pursuant to section 241(b)(3)(A) of the Act and protection under the Convention Against Torture, claiming that he was persecuted in Guatemala on account of his political opinion.  The Immigration Judge denied both applications, finding that the applicant was not credible.  She further found that, even assuming he was credible, the applicant's testimony was insufficient to meet his burden of proof and that he did not provide sufficient corroborating evidence to establish his eligibility for the requested relief.

On appeal, the applicant argues that the Immigration Judge's adverse credibility finding is clearly erroneous and that she erred in denying his applications.  Citing *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011), he contends that section 208(b)(1)(B)(ii) of the Act, 8 U.S.C. § 1158(b)(1)(B)(ii) (2012), requires an Immigration Judge to inform an applicant for asylum or withholding of removal during a merits hearing what specific corroborating evidence is required to meet his burden of proof and to grant a continuance to obtain such evidence.  The applicant also asserts that he presented sufficient evidence to demonstrate his eligibility for withholding of removal and protection under the Convention Against Torture.

## II.  ISSUE

The primary issue in this case is whether an Immigration Judge is required to identify the specific corroborating evidence necessary to meet an applicant's burden to establish a claim for asylum or withholding of removal and to provide an automatic continuance for the applicant to obtain the evidence for presentation at a future hearing.

## III.  ANALYSIS

### A.  Burden of Proof and Corroboration

Pursuant to section 208(b)(1)(B)(i) of the Act, the burden of proof is on an applicant for asylum to establish that he or she is a refugee within the meaning of section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A) (2012).  Section 241(b)(3)(C) of the Act provides that an applicant for withholding of removal bears the burden of establishing that his life or freedom would be threatened in the country of removal on account of his race, religion, nationality, membership in a particular social group, or political opinion.  With both applications, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  Section 208(b)(1)(B)(ii) of the Act (incorporated by reference in section 241(b)(3)(C)).  However, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  *Id.*

"Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."  *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).  Issues regarding whether the language is plain and unambiguous are "determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."  *Id.* at 341.  Where the statutory language is unclear, we consider legislative history to help discern congressional intent.  *See, e.g.*, *Matter of Avila-Perez*, 24 I&N Dec. 78, 83 (BIA 2007).

Although section 208(b)(1)(B)(ii) of the Act clearly states that an Immigration Judge may require the submission of corroborating evidence even where an applicant's testimony is credible, it is ambiguous with regard to what steps must be taken when the applicant has not provided such evidence.  Because the statutory language regarding the procedural requirements for submitting corroborating evidence is not plain, we look to the context of the statute as a whole and the legislative history for guidance.

Section 208(b)(1)(B)(ii) of the Act was enacted by section 101(a)(3) of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302, 303 ("REAL ID Act").  The legislative history of the REAL ID Act makes clear that section 208(b)(1)(B)(ii) was enacted in an effort to "bring clarity and consistency to evidentiary determinations by codifying

standards for . . . determining when corroborating evidence may be required." H.R. Rep. No. 109-72, at 165 (2005) (Conf. Rep.), *as reprinted in* 2005 U.S.C.C.A.N. 240, 290−91, 2005 WL 1848528 at *165. It specifically states that the standards concerning corroboration that Congress intended to codify were those set forth by the Board in *Matter of S-M-J-*, 21 I&N Dec. 722 (BIA 1997). *Id.* at 166 ("Congress anticipates that the standards in *Matter of S-M-J-*, including the [Board's] conclusions on situations where corroborating evidence is or is not required, will guide the [Board] and the courts in interpreting this clause.").

In *Matter of S-M-J-*, we held that an applicant has the burden to establish his claim, even when credible, and that where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be presented.[1] Where credible testimony alone is determined to be insufficient, an applicant for asylum or withholding of removal bears the burden to provide reasonably available supporting evidence for material facts that are central to his claim and are easily subject to verification. *Matter of S-M-J-*, 21 I&N Dec. at 725. If the evidence is unavailable, the Immigration Judge must afford the applicant an opportunity to explain its unavailability and ensure that the explanation is included in the record. *Id.* at 724. We cautioned that the absence of corroborating evidence could lead to a finding that the applicant did not meet his burden of proof. *Id.* at 725−26. In other words, regardless of whether an applicant is deemed credible, he has the burden to corroborate the material elements of the claim where the evidence is reasonably obtainable, without advance notice from the Immigration Judge.

The REAL ID Act codified the requirements outlined in *Matter of S-M-J-*, making it clear that an applicant who seeks asylum or withholding of removal has the burden of demonstrating eligibility for such relief, which may require the submission of corroborative evidence. Sections 208(b)(1)(B)(ii), 241(b)(3)(C) of the Act; 8 C.F.R. §§ 1208.13(a), 1208.16(b) (2014); *see also Rapheal v. Mukasey*, 533 F.3d 521, 530 (7th Cir. 2008) ("[T]he REAL ID Act clearly states that corroborative evidence may be required, placing immigrants on notice of the consequences for

---

[1] This approach was initially rejected by the United States Court of Appeals for the Ninth Circuit, which held that an applicant who testifies credibly in support of his application may not be required to provide independent corroborating evidence. *Ladha v. INS*, 215 F.3d 889, 899 (9th Cir. 2000). The passage of the REAL ID Act and its amendments later abrogated the Ninth Circuit's case law in this regard. *See Shrestha v. Holder*, 590 F.3d 1034, 1042 n.3 (9th Cir. 2010); *Aden v. Holder*, 589 F.3d 1040, 1049 (9th Cir. 2009).

failing to provide corroborative evidence."). *See generally Aden v. Holder*, 589 F.3d 1040, 1045 (9th Cir. 2009) (explaining that "Congress has installed a bias toward corroboration in the statute to provide greater reliability" and in doing so "made asylum litigation a little more like other litigation"). Moreover, the instructions for the Application for Asylum and Withholding of Removal (Form I-589) provide additional notice to an applicant that he "must submit reasonably available corroborative evidence" relating to both general country conditions and the specific facts upon which the claim is based. The instructions further warn the applicant that he must provide an explanation if such evidence is not reasonably available or he is not providing corroborating evidence in support of his application.[2]

The framework set forth in *Matter of S-M-J-* did not require the Immigration Judge to identify the specific corroborating evidence at the merits hearing that would be considered persuasive under the facts of the case to meet the applicant's burden of proof. Nor did it require the Immigration Judge to grant an automatic continuance for the applicant to present that corroborating evidence at yet another future merits hearing. There is nothing in the legislative history to suggest that Congress intended to impose such requirements. The overall purpose of enacting section 208(b)(1)(B) of the Act was to allow Immigration Judges to follow commonsense standards in assessing asylum claims without undue restrictions. H.R. Rep. No. 109-72, at 165−67. The intent was not to create additional procedural requirements relating to the submission and evaluation of corroborating evidence.

Requiring advance notice of the need for specific corroborating evidence and an automatic continuance would be inconsistent with the normal procedures for conducting immigration court proceedings, which

---

[2] Moreover, pursuant to section 240(c)(4)(B) of the Act, 8 U.S.C. § 1229a(c)(4)(B) (2012), an applicant for any form of relief or protection from removal (including asylum or withholding of removal) "must comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided by law or by regulation or in the instructions for the application form." Congress enacted this provision to extend the credibility and corroboration requirements for asylum and withholding applications to all applications for relief and protection in removal proceedings. *See* H.R. Rep. No. 109-72, at 169. Although this case involves withholding-only proceedings rather than removal proceedings, the standards for credibility and corroboration in section 240(c)(4)(B) are equally applicable and further support our view that Congress intended to place applicants for asylum and withholding of removal on notice of their obligation to provide corroborating evidence without specific prompting from an Immigration Judge. *See* 8 C.F.R § 1208.2(c)(3)(i) (2014) (stating that the rules of procedure for removal proceedings are applicable in withholding-only proceedings).

are separated into master calendar and merits hearings. Generally, in master calendar hearings, pleadings are taken, legal and factual issues in dispute are identified and narrowed, and continuances may be granted for good cause, such as to secure counsel or obtain evidence in preparation for the hearing on the merits of any application for relief from removal. *See generally Matter of Cordova*, 22 I&N Dec. 966, 968 (BIA 1999) (discussing the nature and purpose of master calendar hearings).[3] Also, the parties are given advisals and warnings, including deadlines for submitting evidence, and the hearing on the merits is scheduled. Then, during the merits hearing, witness testimony and other evidence is presented, the Immigration Judge makes factual findings and legal conclusions, and any applications for relief are resolved.

At the merits hearing, in circumstances where the Immigration Judge determines that specific corroborating evidence should have been submitted, the applicant should be given an opportunity to explain why he could not reasonably obtain such evidence. *See, e.g.*, *Chukwu v. Att'y Gen. of U.S.*, 484 F.3d 185, 192−93 (3d Cir. 2007).[4] The Immigration Judge must also ensure that the applicant's explanation is included in the record

---

[3] At the master calendar hearing, the Immigration Judge should, as a matter of good practice, remind an applicant for asylum or withholding of removal of his burden to establish his claim and to provide corroborating evidence where it is reasonable to do so. This reminder is particularly important for an applicant who is not represented by counsel. Section 208(b)(1)(B)(ii) of the Act and the instructions for the Form I-589 clearly provide such notice. Nevertheless, it is beneficial for the Immigration Judge to remind the applicant at the master calendar hearing of the general type of evidence needed to corroborate a claim. This is far different from requiring the Immigration Judge to identify at the merits hearing the specific evidence that he or she would find persuasive to meet the applicant's burden of proof under the facts particular to that case and to then grant the applicant an automatic continuance to obtain it for presentation at a later hearing. It is the applicant's duty to present evidence to meet his burden of proof prior to, rather than after, the hearing on the merits.

[4] Permitting the applicant to state the reasons why the corroborating evidence could not be obtained is consistent with both the language of the REAL ID Act and the Board's longstanding practice of allowing aliens to explain discrepancies in the record. *See* sections 208(b)(1)(B)(ii), 241(b)(3)(C) of the Act; *see also Matter of S-M-J-*, 21 I&N Dec. at 725 ("If the applicant does not provide [corroborating evidence], an explanation should be given as to why such information was not presented."). We need not address whether there are circumstances in which the absence of corroborating evidence may be so glaring that no explicit opportunity to explain its absence needs to be given. *Cf. Matter of B-Y-*, 25 I&N Dec. 236, 242 (BIA 2010) ("If an inconsistency is obvious or glaring or has been brought to the attention of the respondent during the course of the hearing, . . . there is no requirement that a separate opportunity for explanation be provided prior to making the adverse credibility determination.").

and should clearly state for the record whether the explanation is sufficient. *Matter of S-M-J-*, 21 I&N Dec. at 724.

Further, if requested, the Immigration Judge should decide whether to grant a continuance for the applicant to obtain additional corroboration. The decision to grant or deny a continuance, either at a master calendar or merits hearing, has long been one for the Immigration Judge to make in the exercise of discretion based on whether good cause is shown in the individual circumstances of the case. *See Matter of Perez-Andrade*, 19 I&N Dec. 433 (BIA 1987); *Matter of Sibrun*, 18 I&N Dec. 354, 355−57 (BIA 1983); *see also* 8 C.F.R. §§ 1003.29, 1240.6 (2014). This decision is a matter that is within the Immigration Judge's statutory and regulatory authority to manage immigration hearings. *See Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010).

There are circumstances in which it is appropriate to continue the proceedings to another merits hearing for an applicant to present additional corroboration. For example, a continuance would typically be warranted where the Immigration Judge determines that that the applicant was not aware of a unique piece of evidence that is essential to meeting the burden of proof.

Moreover, in deciding whether an applicant has met his burden of proof, an Immigration Judge must not place undue weight on the absence of a particular piece of corroborating evidence while overlooking other evidence in the record that corroborates the claim. *See generally Mukamusoni v. Ashcroft*, 390 F.3d 110, 122−25 (1st Cir. 2004) (reversing the denial of an asylum application where the absence of certain corroborating documents was overstated and other corroborating evidence was ignored). Rather, the Immigration Judge should weigh all of the evidence provided and consider the totality of the circumstances in determining whether the applicant has met his burden.[5]

The applicant argues that the Immigration Judge erred because she did not automatically continue the hearing for him to obtain corroborating evidence. In support of his argument, the applicant relies largely on *Ren v. Holder*, 648 F.3d 1079, in which the United States Court of Appeals for

---

[5] In immigration proceedings, much like other court litigation, the corroborating evidence that an Immigration Judge finds persuasive or necessary in a particular case will vary depending on the type of claim presented and the facts as developed during the merits hearing. *See Aden v. Holder*, 589 F.3d at 1045. Corroboration may include identity evidence, such as proof of the applicant's name and place of birth; evidence of relevant events in the country of nationality, such as media accounts of large demonstrations; and evidence supporting the specific details of the claim, such as documentation of medical treatment and of the applicant's political participation. *See Matter of S-M-J-*, 21 I&N Dec. at 725.

the Ninth Circuit discussed corroboration and continuances in the context of the Act. In *Ai Jun Zhi v. Holder*, 751 F.3d 1088 (9th Cir. 2014), the court later held that the Immigration Judge did not comply with *Ren* because she did not give the applicant notice that "he was required to present the corroborative evidence she referred to in her decision" and did not schedule a subsequent merits hearing for him to provide this specific evidence. We are not bound by the decisions of the Ninth Circuit in these proceedings, which arise in the jurisdiction of the Fifth Circuit. *See Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989). In any event, we disagree with these cases to the extent that they hold that section 208(b)(1)(B)(ii) of the Act entitles an applicant to advance notice from the Immigration Judge of the specific evidence necessary to establish the claim and an automatic continuance to obtain such evidence.

Our approach is consistent with that taken by the Second and Seventh Circuits. In *Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009), the Second Circuit held that the Immigration Judge properly resolved the applicant's claim without granting a continuance for another hearing, stating that although the Immigration Judge must specify the points of testimony that require corroboration, this need not be done prior to the disposition of the alien's claim. The court explained its conclusion as follows:

> After all, a factfinder may not be able to decide sufficiency of evidence until all the evidence has been presented; insufficiency cannot be determined while there is evidence to be introduced. Likewise, it is not easy to know when an explanation would be required for a lack of corroboration, because an [Immigration Judge] may not determine that corroboration is necessary until all the evidence is in, and the [Immigration Judge] has had an opportunity to weigh the evidence and prepare an opinion—steps that may not occur until days after the hearing. Accordingly, while we have sometimes remanded a case if the [Immigration Judge] failed to explain his reliance on a lack of corroborating evidence, the alien bears the ultimate burden of introducing such evidence without prompting from the [Immigration Judge].

*Id.*

In *Rapheal v. Mukasey*, 533 F.3d at 530, the Seventh Circuit stated that "[t]o hold that a petitioner must receive additional notice from the [Immigration Judge] and then an additional opportunity to provide corroborative evidence before an adverse ruling, would necessitate two hearings—the first to decide whether such evidence is required and then another hearing after a recess to allow the alien more time to collect such corroborating evidence." The court noted that "such an approach would seem imprudent where the law clearly notifies aliens of the importance of corroborative evidence." *Id.*

We agree with the analysis of the Second and Seventh Circuits. Applicants have the burden to establish their claim without prompting from

the Immigration Judge.  Section 208(b)(1)(B)(ii) of the Act was intended to codify *Matter of S-M-J-* and not to impose additional rigid requirements for the consideration of corroboration.  It does not require an Immigration Judge to give an applicant additional advance notice of the specific corroborating evidence necessary to meet the applicant's burden of proof and to provide an automatic continuance for the applicant to obtain such evidence.  Consistent with established procedure, it is within the discretion of the Immigration Judge to decide whether there is good cause to continue the proceedings in a particular case for additional corroboration or for any other reason.

### B.  Applicant's Claim

The applicant asserts that he was persecuted in Guatemala on account of his political opinion.  He testified that he was an active member of the Democratic Christian Union political party, saying that he distributed flyers and used his skills as a teacher to explain the party's positions to voters. The applicant claims that he was threatened in writing by the mayor of his hometown in 2004 on account of his political activities and that he was persecuted by agents of a different mayor in 2012 for providing financial support for his father's political activities.

The Immigration Judge made an adverse credibility finding because she found certain aspects of the applicant's account to be implausible.  We need not determine whether the Immigration Judge's concerns, without more, are sufficient to support an adverse credibility finding.  Even assuming that the applicant testified credibly, he has not provided sufficient corroborating evidence regarding key elements of his claim to meet his burden of proof to establish eligibility for relief.

The applicant provided some evidence of general country conditions but did not submit any corroborative evidence relating to the specific facts underlying his claim.  The only evidence the applicant offered to corroborate his testimony consists of a written statement regarding his experiences in Guatemala in his application and a copy of the 2012 State Department country report on Guatemala.[6]  Bureau of Democracy, Human Rights and Labor, U.S. Dep't of State, Guatemala *Country Reports on Human Rights Practices for 2012*, [http://www.state.gov/j/drl/rlshrrpt /humanrightsreport/index.htm?year=2012&dlid=204454](http://www.state.gov/j/drl/rlshrrpt/humanrightsreport/index.htm?year=2012&dlid=204454).        Although    the country report indicates that political corruption and human rights abuses

---

[6]   The applicant also provided birth certificates for his four United States citizen children and a letter from a licensed clinical social worker describing the impact of the applicant's detention on one of his daughters.

exist in Guatemala, it does not corroborate the applicant's specific claims of mistreatment.

The applicant has not provided any evidence to corroborate his claims that he was politically active, that he was a member of the Democratic Christian Union, that he was a teacher in Guatemala, or that he sent money to his father. He has also not submitted any letters or written statements from his parents or others in Guatemala who are familiar with the details of his claim. Considering all of the evidence submitted, we agree with the Immigration Judge that the applicant has not met his burden of demonstrating that he suffered past persecution or that it is more likely than not that his life or freedom will be threatened in Guatemala on account of his political opinion or any other protected ground.

The Immigration Judge gave the applicant an opportunity to explain the absence of the corroborating evidence, but the applicant did not provide a convincing explanation. When asked why he did not submit any evidence of his political activities, the applicant testified only that he was not able to have his uncle send the relevant documentation. When asked why he did not submit any evidence to corroborate his claim that he was a teacher in Guatemala, the applicant stated that he did not realize such evidence would help his claim. The applicant testified that he has evidence that he sent money to his father, but he did not submit such evidence or explain why he did not do so. Finally, the applicant has not sufficiently explained the absence of written statements from his parents or anyone else in Guatemala who is familiar with the facts of his claim. His testimony that his partner is in contact with his mother, who updates him on the situation in Guatemala, undermines his assertion that he could not obtain such evidence because it was expensive to call Guatemala while he was in detention.

We disagree with the applicant that the Immigration Judge erred by not continuing proceedings to allow him a further opportunity to corroborate his claim. The applicant did not show good cause to warrant further delaying the resolution of the proceedings where he was represented by counsel and had the burden of proof, and it was reasonable to expect him to provide corroborating evidence regarding key aspects of his claim. *See* sections 208(b)(1)(B)(ii), 241(b)(3)(C) of the Act; *Matter of S-M-J-,* 21 I&N Dec. at 724−26. We agree with the Immigration Judge that the applicant has not demonstrated that the evidence in question could not have been reasonably obtained in advance and presented at his merits hearing, and we conclude that she did not err in declining to provide a continuance. *See Rui Yang v. Holder*, 664 F.3d 580, 587 (5th Cir. 2011) (rejecting the applicant's argument that letters from his family in China were unavailable when his explanation was that he speaks to them regularly on the telephone); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011)

(affirming an Immigration Judge's determination that the applicant's "explanation for the lack of corroborating evidence was insufficient"); *Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011) (stating that an Immigration Judge is not required to accept an alien's explanations as persuasive where there are other permissible views of the evidence).[7]

## C. Additional Issues

We also agree with the Immigration Judge that the applicant has not demonstrated his eligibility for protection under the Convention Against Torture. The applicant has not established that he was tortured in Guatemala. Nor has he shown that it is more likely than not that he would be tortured there, either by or with the acquiescence (including the concept of willful blindness) of a public official or other person acting in an official capacity. 8 C.F.R. §§ 1208.16(c), 1208.17−.18 (2014); *see also Hongyok v. Gonzales*, 492 F.3d 547, 551 (5th Cir. 2007).

The applicant has submitted additional evidence on appeal consisting of an article from the online encyclopedia, Wikipedia, about the National Unity of Hope political party in Guatemala, which we construe as a motion to remand. A motion to remand for the purpose of presenting additional evidence must conform to the same standards as a motion to reopen and will only be granted if the evidence was previously unavailable and would likely change the result in the case. *Matter of Coelho*, 20 I&N Dec. 464, 471−72 (BIA 1992).

The applicant has not shown that the evidence was previously unavailable. Additionally, although the evidence corroborates the applicant's testimony concerning the existence of the National Unity of Hope party, it does not contain any information relating to the applicant's own political activities in Guatemala or otherwise corroborate his claim that he was or will be harmed in that country. Moreover, we note that Wikipedia articles lack indicia of reliability and warrant very limited probative weight in immigration proceedings. *See Badasa v. Mukasey*, 540 F.3d 909, 910 (8th Cir. 2008) (holding that an article from the online encyclopedia Wikipedia is not a reliable source for evidence in immigration

---

[7] The Immigration Judge also denied the application on the alternative grounds that the applicant did not provide sufficient evidence to establish that he had not been convicted of a disqualifying criminal offense. We need not reach the applicant's arguments regarding his conviction because he has not otherwise met his burden of proof with respect to his application for withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

proceedings). Under these circumstances, we are not persuaded that a remand is warranted.

## IV. CONCLUSION

Section 208(b)(1)(B)(ii) of the Act does not impose a requirement that the Immigration Judge give an applicant advance notice of the specific corroborating evidence necessary to establish the applicant's claim based on the facts of the case. And it does not require that the Immigration Judge provide the applicant an automatic continuance to obtain such corroboration. However, where corroborating evidence has not been presented, the Immigration Judge should consider the applicant's explanations for its absence and, if a continuance is requested, decide whether there is good cause to continue the proceedings for the applicant to obtain the evidence.

We conclude that the Immigration Judge did not err in denying the applicant's application for withholding of removal based on a lack of reasonably available corroborative evidence. We are also unpersuaded that the applicant demonstrated that he is eligible for protection under the Convention Against Torture or that a remand is warranted. Accordingly, his appeal will be dismissed and the motion to remand will be denied.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** The motion to remand is denied.