16-4110
Zhang v. Sessions

BIA
Lamb, IJ
A201 059 909

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand eighteen.

PRESENT:
DENNIS JACOBS,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
_Circuit Judges._
_____

JINGHUA ZHANG,

_Petitioner,_

v.                                              16-4110
                                                NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

_Respondent._
_____

FOR PETITIONER:          Theodore N. Cox, New York, NY.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinghua Zhang, a native and citizen of the People's Republic of China, seeks review of a November 9, 2016, decision of the BIA affirming an April 9, 2016, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinghua Zhang,* No. A201 059 909 (B.I.A. Nov. 9, 2016), *aff'g* No. A201 059 909 (Immig. Ct. N.Y. City Apr. 9, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  For the reasons that follow, we conclude that the agency did not err in denying relief based on Zhang's failure to submit reasonably available corroborating evidence.

The governing REAL ID Act corroboration standard provides as follows:

> The testimony of the applicant *may* be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, *such evidence must be provided* unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added).  Moreover, "[w]here an Immigration Judge finds that an applicant for asylum or withholding of removal has not provided reasonably available corroborating evidence to establish his claim, the Immigration Judge should first consider the applicant's explanations for the absence of such evidence and, if a continuance is requested, determine whether there is good cause to continue the proceedings for the applicant to obtain

3

the evidence." *Matter of L-A-C-*, 26 I. & N. Dec. 516, 516 (B.I.A. 2015). "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Zhang asserts that the IJ failed to follow the required procedures before concluding that the Christian pamphlets he allegedly distributed in China were still reasonably available. However, the Government is correct that the agency's denial of relief for failure to submit reasonably available corroboration evidence was not based on the absence of the pamphlets. The IJ's statement that Zhang did not submit the pamphlets is in a separate paragraph that follows her determination that Zhang failed to submit reasonably available corroborating evidence. Moreover, the BIA did not mention the pamphlets when affirming the IJ's finding that Zhang failed to meet his burden due to an absence of reasonably available corroborating evidence. Because the pamphlets were not part of the agency's corroboration finding, we reject Zhang's assertion that the IJ should have solicited an explanation for their absence.

4

Zhang contends that his failure to produce available evidence of his practice of Christianity in the United States did not call into question his past persecution claim. However, the statute is clear that, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). The evidence requested was to corroborate that Zhang was, in fact, a practicing Christian, a fact central to both his claim of past persecution and his fear of future persecution. Since Zhang's practice of Christianity in the United States allegedly preceded and postdated his claimed past persecution, the agency did not err in determining that Zhang's failure to provide reasonably evidence to corroborate his practice of Christianity prevented him from discharging his burden of proof. Zhang does not otherwise challenge the agency's determinations that the proffered evidence was insufficient or that other evidence was reasonably available. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently

5

argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court