Wang v. Sessions

BIA
Laforest, IJ
A206 091 118

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand eighteen.

PRESENT:
           JOHN M. WALKER, JR.,
           BARRINGTON D. PARKER,
           CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

XICAI WANG,
                *Petitioner,*

           v.                                    17-3048
                                                 NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
                *Respondent.*
_____

FOR PETITIONER:          Lee Ratner, Law Office of John S.
                         Yong, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Anthony P.
                         Nicastro, Assistant Director;
                         Sherease Pratt, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xicai Wang, a native and citizen of the People's Republic of China, seeks review of a September 8, 2017, decision of the BIA affirming a February 7, 2017, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xicai Wang,* No. A 206 091 118 (B.I.A. Sept. 8, 2017), *aff'g* No. A 206 091 118 (Immig. Ct. N.Y. City Feb. 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008). We review the agency's corroboration decision for substantial evidence and the BIA's denial of remand for abuse of discretion. 8 U.S.C. § 1252(b)(4); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 563 (2d Cir. 2006) (applying substantial

evidence standard to corroboration finding); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (reviewing BIA's denial of remand under abuse of discretion standard).

## I. Corroboration

Under the REAL ID Act, an IJ may require an asylum applicant to provide evidence that corroborates otherwise credible testimony in order to meet the applicant's burden of proof for asylum. 8 U.S.C. § 1158(b)(1)(B)(ii). "[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof." *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009); *see also Matter of L-A-C-*, 26 I. & N. Dec. 516, 519 (B.I.A. 2015) (holding that "regardless of whether an applicant is deemed credible, he has the burden to corroborate the material elements of the claim where the evidence is reasonably obtainable"). When an IJ determines that corroborating evidence is necessary, the applicant must provide the evidence "unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). But the agency

must identify what evidence should have been provided and assess any explanation for the missing evidence. *Chuilu Liu*, 575 F.3d at 198-99. We will reverse the agency's decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Contrary to Wang's position, the agency had the discretion to discount his mother's letter because she was an interested witness who was not available for cross examination. *See Y.C. v. Holder*, 741 F.3d 325, 334 (2d Cir. 2013) (deferring to agency's decision to give limited weight to letter from applicant's spouse in China). And aside from this letter, Wang did not provide any evidence to corroborate events in China. The IJ identified the missing evidence: medical records documenting the treatment Wang received for injuries sustained during his detention; documentation of his employment and termination (he claimed he was fired from his construction job after his detention); and a letter from the friend who introduced him to the underground Catholic church, or other evidence of his church attendance in China. The transcript reflects

4

that Wang was questioned about the absence of this evidence at the hearing.

Wang argues that he sufficiently explained that the evidence was unavailable. He testified that he lost the documentation of his employment and did not receive any written notice of his termination; he did not have medical records because he was treated at a small private clinic that did not keep any records; and he was not able to obtain a letter from the friend who introduced him to the underground church because this friend had fled China and Wang did not know where he was. The record reflects that the BIA and IJ considered and rejected these explanations. And Wang's explanations do not compel a finding that the evidence was unavailable, especially because Wang and his mother did not describe any attempts to obtain the requested evidence. 8 U.S.C. § 1252(b)(4).

The burden of proof determination is dispositive of asylum, withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).[1]

---

[1] Wang does not challenge the denial of relief based on his

5

**II.  Remand**

On appeal to the BIA, Wang submitted a short letter from his Catholic church in China stating that he was a member of the church, as well as a letter from a church friend describing Wang's participation in the church and his arrest and detention.  The BIA did not abuse its discretion in declining to remand.

A motion to remand based on new evidence is subject to the same rules as a motion to reopen, and thus a movant's failure to proffer previously unavailable evidence is a permissible ground for denying remand.  8 C.F.R. § 1003.2(c)(1) (requiring evidence that is new and previously unavailable); *Li Yong Cao*, 421 F.3d at 156. Wang's friend explained in his letter that he had been living in hiding and was not in touch with Wang at the time of the hearing, but had recently moved back to his hometown and resumed contact with Wang.  The BIA was not required to credit the explanation given the suspicious timing and the

---

practice of Catholicism in the United States.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived).

6

lack of detail about why Wang's friend returned to his hometown after spending years in hiding and how Wang and his friend got back in touch with one another.  *See* 8 U.S.C. § 1252(b)(4); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that in credibility context, applicant's explanations for inconsistent statements must be compelling rather than merely plausible).  The BIA also reasonably found that because the church had more than 20 members and Wang did not explain why he could not obtain a letter from anyone else at the church, he did not establish that the information conveyed in the letters was previously unavailable.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Wang's pending motion for a stay of removal is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court