**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3446
_____

ALICIA GUILLERMINA CORONADO-BARRERA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(Board No. A200-239-874)
Immigration Judge: Ramin Rastegar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2019
_____

Before: CHAGARES, JORDAN, and RESTREPO, *Circuit Judges*.

(Filed:  October 15, 2019)
_____

OPINION[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Petitioner Alicia Guillermina Coronado-Barrera seeks review of a final order issued by the Board of Immigration Appeals ("BIA"). The BIA affirmed the Immigration Judge's ("IJ") denial of Petitioner's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). The IJ found that Petitioner did not meet her burden to establish eligibility for asylum, withholding of removal, or CAT relief. We will deny the petition for review.

**I.**

Petitioner is a native and citizen of Guatemala. On August 1, 2011, she entered the United States with her brother. The Department of Homeland Security issued Petitioner a Notice to Appear ("NTA") three days later. Petitioner admitted to the factual allegations in the NTA and conceded removability at a March 30, 2012 Master Calendar Hearing. That same day, she applied for asylum, withholding of removal, and CAT relief.

Petitioner appeared at the Newark Immigration Court on May 11, 2017 for an Individual Merits Hearing. She testified that she was fearful of returning to Guatemala due to harm her family allegedly suffered at the hands of members of the Castaneda family. On March 13, 2007, Castaneda family members allegedly murdered Petitioner's father. Petitioner's brother was shot at in March or May 2011 by an unknown person. Between 2012 and 2016, Petitioner's uncle and two cousins were murdered by unidentified individuals. One of Petitioner's classmates—who was also a neighbor of the Castaneda family—asked Petitioner where she lives and told her of rumors that the

2

"Castaneda family wants to get even with her because they suspect that she was involved in the death of their family members." A.R. 19.

Towards the end of the Individual Merits Hearing, the IJ asked Petitioner why she did not secure corroboration from her brother, mother, aunts, cousin, or any other immediate family members. She acknowledged not obtaining statements or affidavits from these family members and provided no indication on whether she could obtain the requested corroboration. The IJ closed the hearing by indicating that "[t]here will be no more hearings" and he would "issue a written decision within 60 to 90 days" after "further review[ing] [Petitioner's] testimony and the documents in the record." A.R. 217.

In a written decision dated October 16, 2017, the IJ found that Petitioner was credible but did not provide sufficient corroboration of her claim. Petitioner's reasons for failing to provide letters or affidavits from family members were determined to be inadequate. Petitioner filed a Notice of Appeal to the BIA on November 16, 2017. The BIA affirmed the IJ's corroboration finding in an October 5, 2018 opinion and added that Petitioner "has not contested [the IJ's corroboration] finding on appeal." A.R. 3. Petitioner filed this petition for review on November 2, 2018.

## II.

The BIA had appellate jurisdiction to review the IJ's decision, and we have jurisdiction over the BIA's final order. 8 U.S.C. § 1252(a)(1); 8 C.F.R. § 1003.1(b). We typically only review the BIA's final order. *See Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir. 2001). However, "when the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the

3

decisions of the IJ and the BIA." *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Here, we review both the BIA and IJ's decisions because the BIA affirmed the IJ and discussed the IJ's findings.

We review questions of law *de novo* and findings of fact for substantial evidence. *Quao Lin Dong v. Att'y Gen.*, 638 F.3d 223, 227–28 (3d Cir. 2011). We adopted a three-part inquiry to determine whether corroboration is required: (1) identify facts for which it is reasonable to expect corroboration; (2) review whether the applicant provided necessary corroboration; and (3) determine whether the applicant adequately explained any absent corroboration. *Toure v. Att'y Gen.*, 443 F.3d 310, 323 (3d Cir. 2006). To reverse a corroboration finding, we must determine that "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

## III.[1]

We first address whether Petitioner waived challenging the corroboration finding. We review the BIA's final order only if Petitioner "has exhausted all administrative

---

[1] Petitioner challenges the IJ's denial of her application for asylum, withholding of removal, and CAT relief. We are not persuaded by her arguments. Petitioner waived her CAT and withholding claims by not raising them in her Notice of Appeal to the BIA. *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue.").

Moreover, Petitioner testified that members of the Castaneda family have not threatened her, she is unaware of whether they threatened her family, and she does not know if anyone from the Castaneda family has ever harmed her family. As such, we are unconvinced that the record compels a finding contrary to that reached by the BIA as to asylum. *Gao v. Ashcroft*, 299 F.2d 266, 272 (3d Cir. 2002) ("Whether an asylum

remedies available" to her. 8 U.S.C. § 1252(d)(1). Petitioner is "not required to unambiguously raise the IJ's failure to follow the three steps of the [corroboration] inquiry." *Luziga v. Att'y Gen.*, — F.3d —, 2019 WL 4197543, at *8 (3d Cir. Sept. 5, 2019) (characterizing this as a liberal approach to exhaustion). All that is needed is for Petitioner to put the BIA on notice of the issue being raised. *Id.*

Petitioner raised the IJ's corroboration finding in her Notice of Appeal to the BIA. She argued that the IJ "misapplied the corroboration requirements of the REAL ID Act by finding her credible yet discounting her explanations for missing affidavits from family members." A.R. 10. While Petitioner did not separately brief the IJ's corroboration finding, raising an issue in a Notice of Appeal without a supporting brief is sufficient as long as the claim is not overly complex. *Yan Lan Wu v. Ashcroft*, 393 F.3d 418, 422 (3d Cir. 2005). Thus, we have jurisdiction to consider Petitioner's claims as to corroboration.

Petitioner next argues that the IJ did not provide advance notice of required corroboration to sustain her burden of proof. Relying on *Matter of L-A-C-*, 26 I. & N. Dec. 516 (BIA 2015), the IJ determined that "IJs are not required to give . . . advance notice of specific corroborating evidence necessary." A.R. 23. That is contrary to the law of this Circuit. *Saravia*, 905 F.3d at 733–34 (characterizing the IJ's reliance on *Matter of L-A-C-* as "[c]ontrary to our established precedent" requiring advance notice); *Sandie v. Att'y Gen.*, 562 F.3d 246, 253 (3d Cir. 2009); *Chukwu v. Att'y Gen.*, 484 F.3d

---

applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard.").

185, 192 (3d Cir. 2007).  There is no indication in the record that the IJ raised the corroboration needed prior to the May 11, 2017 Individual Merits Hearing or offered Petitioner the opportunity to submit the corroboration prior to the October 16, 2017 decision, and that is troubling.

However, our analysis does not end there.  The IJ asked Petitioner why she did not provide corroboration from immediate family members.[2]  In her responses to the IJ's examination, Petitioner provided no indication as to whether she could corroborate her claims.  She even testified that her attorney advised her to "try and get documents that are reasonably available . . . to corroborate" her testimony.  A.R. 208.  Thus, we are unconvinced that Petitioner's testimony compels a "reasonable trier of fact . . . to conclude that [required] corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4) (setting forth the standard to "reverse a determination . . . with respect to the availability of corroborating evidence").

## IV.

For the foregoing reasons, we will deny Petitioner's petition for review.

---

[2]  For example, the IJ asked Petitioner "why haven't you asked your mother, or aunt, or uncles to send you letters?"  A.R. 208.