NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAAD AL ZAIDI, | No. 20-70704 |
| Petitioner, | Agency No. A071-725-095 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 5, 2021
Anchorage, Alaska

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Raad Al Zaidi, a native and citizen of Iraq, petitions for review of an order

of the Board of Immigration Appeals. In 2017, Al Zaidi moved to reopen his 2005

immigration proceedings to apply for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT) in light of changed

country conditions in Iraq. An immigration judge denied reopening, and the Board

affirmed. While his appeal was pending before the Board, Al Zaidi moved to

---

\* This disposition is not appropriate for publication and is not precedent

remand to the immigration judge for consideration of a new declaration prepared by Daniel Smith, a researcher studying human rights abuses in Iraq. Having already considered Smith's original declaration and extensive evidence of conditions in Iraq, the Board denied the motion to remand because it determined that the new declaration was unlikely to "change the outcome of the case" as it was "largely cumulative of" and "substantially similar to" Smith's original declaration. *See Matter of L-A-C-*, 26 I. & N. Dec. 516, 526 (B.I.A. 2015) ("A motion to remand for the purpose of presenting additional evidence . . . will only be granted if the evidence was previously unavailable and would likely change the result in the case.").

Al Zaidi has expressly disclaimed any claim of error in the Board's treatment of his motion to reopen. In his briefing, and again at oral argument, he confirmed that he asks us to review only the Board's refusal to remand to allow him to pursue his CAT claim. Reviewing that narrow issue for abuse of discretion, *see Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013), we deny the petition.

1.    The government asks that we dismiss Al Zaidi's petition as it relates to his claims for asylum and withholding of removal, arguing that the Supreme Court's opinion in *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), abrogates our "on-the-merits" exception to 8 U.S.C. § 1252(a)(2)(C)'s jurisdiction-stripping

except as provided by Ninth Circuit Rule 36-3.

2

provision. *See Agonafer v. Sessions*, 859 F.3d 1198, 1202–03 (9th Cir. 2017). But Al Zaidi does not seek review of those claims; he challenges only the Board's refusal to remand to allow Al Zaidi to pursue protection under the CAT. As the government concedes, *Nasrallah* confirmed that, notwithstanding section 1252(a)(2)(C), we have jurisdiction to review factual challenges to the denial of protection under the CAT. 140 S. Ct. at 1688. We therefore do not decide whether *Nasrallah* abrogates the on-the-merits exception.

2.    Al Zaidi first argues that the Board abused its discretion by mischaracterizing the new Smith declaration as "cumulative." According to Al Zaidi, Smith's first declaration did not assert that Al Zaidi "would be necessarily detained" after his initial airport screening, while the second makes clear that the existence of hundreds of police, military, and militia checkpoints throughout the country will make it impossible for him to travel without being stopped, asked for identification documents, and tortured for lacking such documents. But Smith's first declaration already explained that because "militias control various security checkpoints and areas/neighborhoods within Iraq, including Baghdad," it is "highly probable that the returnees [would] encounter Iran-backed Shi'a militias after returning to Iraq." Those returnees would then "experience [an] increased likelihood of interrogation and torture." Smith's first declaration also stated that Iraqi officials were unable to say how long it would take to issue identification

3

documents to deportees, that after the initial airport screening, Iraqis living in the country who "do not have valid identification . . . are often detained for extensive periods of time" when traveling, and that "[i]f there were suspicions of criminal activity . . . the period of detention would likely be extensive." Because Smith's first declaration addressed the same risks, "[i]t was neither arbitrary nor irrational" for the Board to view Smith's new declaration as cumulative. *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021).

3.       Al Zaidi next argues that the Board abused its discretion in concluding that he could obtain valid identification documents in Iraq through family ties, despite Smith's testimony suggesting otherwise. Before the Board, Al Zaidi argued that the second Smith declaration established "that it may be impossible for individuals like [him] to obtain identification documents in Iraq." In response, the Board found that "the updated declaration indicates that individuals with family ties in Iraq can establish their identity." This finding also was permissible. Smith's second declaration explained that the Iraqi government had no program in place to help deportees obtain identification documents and that obtaining such documents is "often extremely challenging and time-consuming, even for well-connected Iraqis" able to "use family connections." But at the same time, Smith noted that "[f]amily members still residing in Iraq are one of the primary ways that [a returnee] can begin to establish one's identity," and that "[i]f one does not have

4

family members willing and able to assist in the process, the process becomes even more difficult and arbitrary." Thus, although the second declaration explains the difficulties with obtaining identification documents, "[i]t was neither arbitrary nor irrational" for the Board to determine that it remains possible for individuals with family ties to establish their identity. *Silva*, 993 F.3d at 719.

**PETITION DENIED.**

The motions to stay removal (Docket Nos. 1, 12) are denied.