**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN PEDRO GONZALEZ,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   21-1331<br><br>Agency No. A210-067-454<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2023[**]
Phoenix, Arizona

Before:  GOULD, HURWITZ, and DESAI, Circuit Judges.

Juan Pedro Gonzalez petitions for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal from an order of an

Immigration Judge ("IJ") denying protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. The IJ did not fail to address Gonzalez's argument that cartels in Mexico would view him as a "pocho" and torture him because they would think he had money after his return from the United States. Rather, the IJ explicitly based his decision on all of the evidence submitted by Gonzalez, including his testimony and application. Moreover, Gonzalez did not claim in his testimony before the IJ that he feared torture if removed to Mexico, nor did his counsel so argue. Indeed, his counsel acknowledged that the "pocho" argument in Gonzalez's initial application could no longer succeed under recent case law, and that Gonzalez was instead claiming a fear of torture because he was a member of a group of "Mexicans who went to the United States returning to Mexico after some time, and have inherent characteristics that they have picked up from the United States." But, Gonzalez testified that there was "no" reason "why the cartels or members of any organized crime in Mexico" would want to torture him specifically. Substantial evidence therefore supported the agency's determination that Gonzalez did not establish that he would be targeted upon his return to Mexico. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

2. We review the BIA's decision not to take administrative notice of the 2017 Country Report for abuse of discretion, *Castillo-Villagra v. INS*, 972 F.2d 1017, 1028 (9th Cir. 1992), and find none. Even if the BIA had taken administrative notice of the report, it could not have found that the report established that the Mexican

government would acquiesce in Gonzalez's torture. *See Ridore v. Holder*, 696 F.3d 907, 919 (9th Cir. 2012) (holding that the BIA is not a factfinder and must either "find clear error, explaining why; or, if critical facts are missing," remand to the IJ); 8 C.F.R. § 1003.1(d)(3)(i), (iv)(A). Thus, the BIA appropriately considered the request for notice as a motion to remand, *see In re L-A-C-*, 26 I. & N. Dec. 516, 526 (B.I.A. 2015), and reasonably denied remand because the report was available at the time of the merits hearing. 8 C.F.R. § 1003.2(c)(1). Nor was the IJ required to sua sponte consider the country report. *See Fisher v. INS*, 79 F.3d 955, 963–65 (9th Cir. 1996) (en banc).

**PETITION DENIED**.