**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1810

KARINA LETICIA MARTINEZ-ALVARADO; A.A.F.M.; A.J.C.M.,

Petitioners,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 19, 2025                                      Decided: June 13, 2025

Before NIEMEYER, HEYTENS, and BENJAMIN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Allison Lukanich, BASHYAM GLOBAL, Raleigh, North Carolina, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Sarah A. Byrd, Senior Litigation Counsel, Jennifer R. Khouri, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karina Leticia Martinez-Alvarado and her two minor children, natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying Martinez-Alvarado's applications for asylum and withholding of removal.[1]  We deny the petition for review.[2]

Martinez-Alvarado's lead argument challenges the validity of the Board's decision. Specifically, Martinez-Alvarado asserts that the Temporary Appellate Immigration Judge who ruled on her appeal lacked the authority to act because her initial six-month appointment had expired, and the Board could not extend that appointment.  We recently considered—and rejected—this precise issue. *See Salomon-Guillen v. Garland*, 123 F.4th 709 (4th Cir. 2024).  Specifically, the question presented there was "whether such temporary judges' terms are renewable under the regulatory provision in effect during [the] administrative appeal[, and this court] agree[d] with the government that the answer is yes." *Id*. at 711-12.  Because *Salomon-Guillen* squarely forecloses Martinez-Alvarado's contention that Temporary Appellate Immigration Judge "Brown no longer had authority

---

[1] Martinez-Alvarado's minor children were riders on her asylum application, *see* 8 U.S.C. § 1158(b)(3), and are identified as petitioners in this court by their initials.

[2] Martinez-Alvarado has forfeited review of the immigration judge's denial of relief under the Convention Against Torture, which likewise was not raised in the administrative appeal and similarly is not raised in the brief submitted to this court.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2

to serve as a temporary BIA member" (Pet'rs' Br. (ECF No. 24) at 7), we deny the petition for review as to this issue.

As to the order of removal, we have reviewed the arguments Martinez-Alvarado advances on appeal in conjunction with the administrative record, including the transcript of Martinez-Alvarado's merits hearing and the supporting evidence, and the relevant legal authorities. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B)—including the adverse credibility finding and the concomitant finding that Martinez-Alvarado's supporting evidence did not independently satisfy her burden of proof[3]—and that substantial evidence supports the denial of relief, *see I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). *See also Ilunga*, 777 F.3d at 207 (explaining that "omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination" (internal quotation marks omitted)).

In response to Martinez-Alvarado's arguments related to the adverse credibility ruling, we do not agree that the immigration judge's questioning, tone, and advisals violated the high standards required of immigration judges. *Cf. In re Y-S-L-C-*, 26 I. & N. Dec. 688, 690-91 (B.I.A. 2015) (explaining that "a respondent in immigration proceedings

---

[3] We review credibility determinations for substantial evidence, affording broad—though not unlimited—deference to the agency's credibility findings. *Ilunga v. Holder*, 777 F.3d 199, 206 (4th Cir. 2015); *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004). We likewise conduct substantial evidence review of the agency's ruling as to the weight afforded a noncitizen's corroborating evidence. *Hui Pan v. Holder*, 737 F.3d 921, 930-31 (4th Cir. 2013).

3

should expect dignity, respect, courtesy, and fairness in a hearing before an Immigration Judge"). We further observe that the Board was free to reject Martinez-Alvarado's claim that she was highly anxious and uncomfortable at the merits hearing as an explanation for the clear and undisputed testimonial discrepancies, omissions, and deficiencies—however plausible it may have been. *See Dankam v. Gonzales*, 495 F.3d 113, 122 (4th Cir. 2007) (observing the agency's authority to reject "a perfectly plausible explanation" for an identified evidentiary discrepancy).

As to the immigration judge's adverse corroboration ruling, which the Board likewise upheld, Martinez-Alvarado first argues that the immigration judge did not ascertain whether additional corroborating evidence was reasonably available. But as we have explained, if the immigration judge makes an explicit and whole adverse credibility ruling—as he did here—then "nothing more is required" in terms of making "findings on whether corroborative evidence was reasonably available." *Wambura v. Barr*, 980 F.3d 365, 374, 375 (4th Cir. 2020). Finally, Martinez-Alvarado assigns error to the immigration judge's failure to allow her to explain why such corroborating evidence was not proffered. However, the duty to solicit an explanation for the lack of corroboration is only triggered when the applicant's *credible* testimony is held to be insufficient to carry her burden of proof. *See In re L-A-C-*, 26 I. & N. Dec. 516, 519 (B.I.A. 2015) (holding that, "[w]here credible testimony alone is determined to be insufficient," the noncitizen "bears the burden to provide reasonably available supporting evidence. . . . If the evidence is unavailable, the Immigration Judge must afford the applicant an opportunity to explain its unavailability and ensure that the explanation is included in the record" (citation omitted)); *see also*

4

*Zuowei Chen v. Garland*, 72 F.4th 563, 570-71 (4th Cir. 2023) (analyzing and applying *Wambura* and *In re L-A-C-* and explaining that, when the immigration judge "seek[s] additional corroborating evidence for 'otherwise credible testimony,'" the "applicant is entitled to an opportunity to explain why he cannot reasonably obtain any evidence sought by the IJ, and the IJ is required to include that explanation in the record, along with a finding as to whether the explanation is sufficient").

In sum, we discern no abuse of discretion in the agency's dispositive adverse credibility and adverse corroboration rulings, both of which are supported by substantial evidence. And *Salomon-Guillen* clearly forecloses Martinez-Alvarado's antecedent challenge to the validity of the Board order. Accordingly, we deny the petition for review. *See In re Martinez-Alvarado* (B.I.A. July 10, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*