Chenwu Yang v. Barr

BIA
Vomacka, IJ
A205 448 034

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand nineteen.

PRESENT:
    JOSÉ A. CABRANES,
    ROSEMARY S. POOLER,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

CHENWU YANG,
        *Petitioner,*

    v.                                    17-2136
                                          NAC
WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Zhen Liang Li, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director; Susan
                         Bennett Green, Senior Litigation
                         Counsel, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chenwu Yang, a native and citizen of the People's Republic of China, seeks review of a June 16, 2017, decision of the BIA affirming an October 29, 2015, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chenwu Yang,* No. A 205 448 034 (B.I.A. June 16, 2017), *aff'g* No. A 205 448 034 (Immig. Ct. N.Y.C. Oct. 29, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009); *Yanqin Weng v. Holder*, 562 F.3d 510, 513

2

(2d Cir. 2009).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which requires an applicant to "present credible testimony that he subjectively fears persecution and [to] establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either "a reasonable possibility he . . . would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). Where a claim is "based exclusively on activities undertaken after his arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the

3

applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Yang does not challenge the agency's finding that he failed to present reasonably available corroborating evidence. Accordingly, Yang has waived any challenge to that dispositive finding. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). In any event, as discussed below, we find no error in the agency's conclusion.

The IJ reasonably required evidence to corroborate Yang's testimony because Yang was not responsive to all the questions posed to him—even questions his own attorney posed—and gave

4

only vague explanations about why he became a Christian. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. The agency identified the missing evidence—documentation or witness testimony regarding Yang's church attendance, a letter from his parents, and country conditions evidence—and Yang did not establish that the evidence was unavailable. *See Chuilu Liu*, 575 F.3d at 198-99; *see also* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Moreover, although Yang and his attorney asserted that they had filed a letter from Yang's parents and a baptism certificate, the documents were untimely filed, never received by the IJ, and not presented to the BIA.

Nor was the IJ required to continue the hearing because, given the length of time Yang had to gather evidence, he did not provide a reasonable excuse for the untimely filing. *See Matter of L-A-C-*, 26 I. & N. Dec. 516, 524 (BIA 2015) ("[I]t is within the discretion of the [IJ] to decide whether there is good cause to continue the proceedings in a particular

5

case for additional corroboration or for any other reason.").

As to the evidence of corroboration that Yang *did* submit, the IJ did not err in assigning it little weight. The only evidence Yang presented to corroborate his asserted church attendance was a photograph; however, there was no testimony or other evidentiary foundation for the photograph, and it did not show a church service. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely matter of agency discretion).

More significantly, the agency did not err in determining that the country conditions evidence failed to demonstrate a pattern or practice of persecution of similarly situated individuals. As the IJ noted, the State Department report reflected varied enforcement of restrictions on Christians and identified no persecution of Christians in Yang's home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149-50, 165-66 (2d Cir. 2008) (upholding BIA's conclusion that when fear of persecution is based on enforcement of a policy that varies by region, it is the applicant's burden to show enforcement of the policy in his home region). Accordingly, the agency did not err in

determining that Yang failed to demonstrate a pattern and practice of persecution, particularly in light of an estimate cited in the State Department report on which the IJ relied that there are 45 million Protestant Christians in China not affiliated with the government-sponsored church. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim); *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group).

The agency also did not err in finding that Yang failed to establish a reasonable possibility of being singled out for persecution. Yang did not assert that Chinese officials are aware of his religious practice. Additionally, in light of the tens of millions of unregistered Christian practitioners in China and the lack of evidence regarding the persecution of Christians in Fujian province, Yang did not demonstrate that Chinese officials are likely to discover his religious activities as required for him to establish an objectively reasonable well-founded fear. *See Hongsheng Leng*, 528 F.3d at 143.

Therefore, because the agency reasonably found that Yang failed to demonstrate a well-founded fear of persecution, it did not err in denying asylum, withholding of removal, and CAT relief, since all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Because this conclusion is dispositive of Yang's petition, we do not address whether the adverse credibility determination provides an independent basis for the agency's decision. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We have considered the remainder of Yang's arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8