Dong v. Barr

BIA
Christensen, IJ
A205 050 371

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty.

PRESENT:
    DEBRA ANN LIVINGSTON,
    JOSEPH F. BIANCO,
    WILLIAM J. NARDINI,
        *Circuit Judges.*

_____

YULING DONG,
        *Petitioner,*

    v.                                                    18-2092
                                                          NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Thomas V. Massucci, Esq., New
                           York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney
                           General; Derek C. Julius,
                           Assistant Director; Zoe J. Heller,
                           Senior Litigation Counsel, Office
                           of Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuling Dong, a native and citizen of the People's Republic of China, seeks review of a July 12, 2018 decision of the BIA affirming an August 8, 2017 decision of the IJ denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Yuling Dong,* No. A 205 050 371 (B.I.A. July 12, 2018), *aff'g* No. A 205 050 371 (Immig. Ct. N.Y. City Aug. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review corroboration determinations for substantial evidence. *See Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

An IJ may require an asylum applicant to provide evidence that corroborates otherwise credible testimony in order to

meet the applicant's burden of proof for asylum. 8 U.S.C. § 1158(b)(1)(B)(ii). "[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof." *Chuilu Liu*, 575 F.3d at 198 n.5; *see also In re L-A-C-*, 26 I. & N. Dec. 516, 520-21 (B.I.A. 2015). When an IJ determines that corroborating evidence is necessary, the applicant must provide the evidence "unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). While the agency must identify what reasonably-available evidence should have been provided and must assess the applicant's explanations for any missing evidence, it is the applicant's burden to provide the evidence or an adequate explanation for any failure to obtain it. *Chuilu Liu*, 575 F.3d at 198-99. We may reverse the agency's corroboration decision only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011).

Dong failed to provide corroborating evidence that she was forced to have an abortion. The agency reasonably

determined that she could have provided letters from her parents because Dong testified that they knew about the abortion. When asked by the IJ why she had not provided letters, Dong did not allege that the letters were unavailable, but only that she did not know they were needed. Dong's explanation does not compel the conclusion that such evidence was unavailable. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4). Similarly, Dong testified that her brother helped her search for evidence, but she failed to corroborate this allegation, or that her brother was unable to locate medical evidence or a receipt, with a letter from him. *See Chuilu Liu*, 575 F.3d at 198-99 (holding that it is the applicant's burden to provide corroborating evidence or an adequate explanation for any failure to obtain the evidence).

The agency also reasonably determined that Dong could have provided corroborating medical records. Dong testified that she went to the hospital to confirm her pregnancy, that she received a booklet recording her visits to the hospital, and that she received a receipt following the abortion. Although she testified that her brother was unable to find these documents, as discussed above, she did not provide a

4

letter from him to confirm that fact. Dong also conceded that she did not ask her brother to try to obtain records from the hospital. Although Dong argues that the agency should have asked her why she did not ask her brother to obtain the records, it was Dong's burden to provide corroborating evidence or an adequate explanation for her failure to obtain the records. *See Chuilu Liu*, 575 F.3d at 198–99.

Lastly, the agency reasonably relied on Dong's lack of country-conditions evidence. The country-conditions evidence on China reflects that enforcement of the coercive family planning policy is inconsistent and more relaxed in some areas than others. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160–61, 165 (2d Cir. 2008). Dong did not provide any country-conditions evidence, much less evidence of how the policies were enforced in her home province of Shandong. *See Chuilu Liu*, 575 F.3d at 198–99.

Dong's failure to corroborate her forced abortion is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–

5

57 (2d Cir. 2006).

We have considered all of Dong's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
