Salat Suraw Abdi v. Merrick B. Garland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of April, two thousand twenty-one.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

SALAT SURAW ABDI, AKA SALAT DHERE,

        *Petitioner*,

        v.                                               17-4096-ag

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,[1]

        *Respondent*.

_____

Appearing for Petitioner:    TIMOTHY W. HOOVER, Hoover & Durland LLP, Buffalo, NY.

Appearing for Respondent:    JEFFREY A. HALL, Counsel; Stephen J. Flynn, Assistant Director; Jeffrey Meyer, Trial Attorney, Office of Immigration Litigation United States Department of Justice, Washington, DC.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this petition for review of a Board of Immigration Appeals ("BIA") decision be and it hereby is **GRANTED**.

Petitioner Salat Suraw Abdi, a native and citizen of Somalia, seeks review of the December 7, 2017 decision of the BIA affirming a July 11, 2017 decision of an Immigration Judge ("IJ") denying Abdi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying in the first instance his motion to remand. *In re Salat Suraw Abdi,* No. A209 991 745 (B.I.A. Dec. 7, 2017), *aff'g* No. A209 991 745 (Immig. Ct. Batavia July 11, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). As an initial matter, contrary to the government's contention, Abdi did not waive challenges to the agency's conclusions that he failed to establish that the terrorist group al-Shabaab persecuted him in the past or would likely torture him in the future. Abdi challenges the agency's reasons for those determinations—specifically, its corroboration and acquiescence findings.

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). To establish eligibility for asylum and withholding of removal, an applicant must demonstrate past persecution or a well-founded fear or likelihood of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(b); *see also id.* at § 1208.16(b). CAT relief requires applicants to show that they would more likely than not be tortured, but it does not require a nexus to any ground. *See id.* § 1208.16(c)(2). The agency erred in denying asylum, withholding of removal, and CAT relief because it failed to consider Abdi's evidence that Habar Gidir clan members may have had mixed motives for targeting him, and his evidence that the Somali government may be unable to protect him from torture. The agency did not err in its determination that Abdi failed to adequately corroborate his claim that al-Shabaab had killed his father and threatened to kill the rest of the family on account of their Sufi faith. The BIA did not err in denying Abdi's motion for remand.

**1.** As to whether the feared harm from members of the Habar Gidir clan is on account of a protected ground, the agency did not consider the possibility of a mixed motive. Asylum and withholding of removal "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (citation and internal quotation marks omitted). The agency concluded that members of the Habar Gidir clan targeted Abdi's family over a land dispute and in revenge for his brother's accidental killing of a member of that clan rather than on account of a protected ground. However, the agency failed to consider whether Abdi's family was also targeted by reason of membership in a minority clan. *See id.* at 298–99. The country conditions evidence reflects that minority clans are targeted for abuse, particularly over resources, and that clans commit revenge killings.

2

**2.** The agency found that Abdi failed to demonstrate the government acquiescence required to sustain a CAT claim.  Torture is "'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person' . . . by *or acquiesced in* by government actors." *Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007) (quoting 8 C.F.R. § 208.18(a)(1)) (citing CAT art. 1).  "[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).  "Where a government contains officials that would be complicit in torture, and that government, on the whole, is admittedly incapable of actually preventing that torture, the fact that some officials take action to prevent the torture [is] . . . neither inconsistent with a finding of government acquiescence nor necessarily responsive to the question of whether torture would be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010) (quoting CAT art. 1).  "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre*, 502 F.3d at 118.

The agency did not decide whether the harms that al-Shabaab and members of the Habar Gidir clan might inflict would amount to torture; the agency denied CAT relief on the sole basis that the Somali government would not acquiesce.  That conclusion was not adequately explained. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions . . .  if judicial review is to be meaningful.").  The IJ observed that though al-Shabaab committed violence throughout Somalia, Somali security forces are engaged in a campaign to defeat al-Shabaab, and that there was no evidence that the government would acquiesce in torture by members of the majority Habar Gidir clan.  That ruling did not consider evidence that al-Shabaab maintains control and effectively operates as the government in central and southern Somalia, that Somali security forces often fail to prevent or respond to violence, that clan violence over resources and for revenge occurs throughout the country, and that government authorities do not punish military or police officials who committed clan violence. *See De La Rosa*, 598 F.3d at 110; *see also Scarlett v. Barr*, 957 F.3d 316, 335–36 (2d Cir. 2020) (remanding for the agency to consider how a government's inability to protect "might translate to identifying government acquiescence in torture under the CAT").  Further, Abdi asserted in his credible fear interview and asylum application that the police did not act on his reports of threats from Habar Gidir because they were Habar Gidir members.  The IJ failed to develop the record and question Abdi about this aspect of his claim. *See Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006) (providing that an IJ has an "obligation to establish and develop the record").

**3.** Although it is a somewhat close call, we conclude that the agency did not err in its determination that Abdi failed to adequately corroborate his claim that al-Shabaab had killed his father and threatened to kill the rest of the family on account of their Sufi faith.  "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun*, 883 F.3d at 28.  Here, the IJ never explicitly made an adverse credibility finding.  As the BIA acknowledged, Abdi is therefore entitled to a

3

presumption of credibility on appeal. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As a result of that presumption of credibility, the IJ must "explain specifically . . . why it is reasonable under the BIA's standards to expect such corroboration," and "why [Abdi's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. I.N.S.*, 232 F.3d 279, 290 (2d Cir. 2000). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). "[I]n circumstances where the Immigration Judge determines that specific corroborating evidence should have been submitted, the applicant should be given an opportunity to explain why he could not reasonably obtain such evidence. . . . The Immigration Judge . . . should clearly state for the record whether the explanation is sufficient." *Matter of L-A-C-*, 26 I. & N. Dec. 516, 521–22 (B.I.A. 2015); *see also Wei Sun*, 883 F.3d at 31.

Asked why he provided no corroborating evidence from Somalia, Abdi claimed that officials were not issuing death certificates at the time of his father's murder by al-Shabaab and that he was unable to gather evidence while in U.S. immigration detention, particularly given that his family was displaced in Somalia and he was unsure of their whereabouts. It is true that the IJ could have more explicitly explained why such corroboration was required and why Abdi's reasons for not providing the requested documents were insufficient. These more explicit explanations would have made it easier for us to review Abdi's petition. Nevertheless, on this record the IJ sufficiently explained that Abdi's reasons were insufficient because Abdi remained in Somalia for about a year after his father's death, followed by about two years in Angola and a journey through multiple countries on his way to the United States. And the BIA added that a death certificate that Abdi newly submitted is dated "01/06/2014," which predates Abdi's departure from Somalia in August 2014. The agency thus properly concluded that Abdi's testimony, corroborated only by generalized country conditions evidence, was insufficient to support the asserted nexus. *See Wei Sun*, 883 F.3d at 27 ("We . . . treat factual findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (quoting 8 U.S.C. § 1252(b)(4)(B)).

**4.** We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) (citation omitted). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao*, 421 F.3d at 156. A movant seeking remand for consideration of new evidence must present "material, previously unavailable evidence." *Id.*

The BIA declined to remand for consideration of Abdi's additional evidence because Abdi's motion did not meaningfully explain why the evidence was previously unavailable. The BIA acknowledged Abdi's explanation—such documents were not being produced at the time of his father's death, and he was unsure of his displaced family's whereabouts. The BIA found this explanation insufficient because some of the newly submitted documents were dated 2014 or

4

earlier—before Abdi left Somalia.  The BIA provided a rational explanation for its decision and therefore did not abuse its discretion.

**5.**  Abdi filed a motion, which we granted, "to receive and consider six additional documents in adjudicating the petition for review."  Pet'r's Mot., May 28, 2019, Docket No. 106. Because we remand based on the record below, it is not necessary for us to consider the extra-record evidence that Abdi has submitted.  On remand, the agency may consider the authenticity of these documents and whether their authenticity bears upon credibility.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk