# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-60782
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2022

Lyle W. Cayce
Clerk

Roderick Winston Stanton-Black,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A035 166 856

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Roderick Winston Stanton-Black, a native and citizen of Jamaica, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal and adopting and affirming the Immigration Judge's (IJ) denial of his application for Convention Against Torture (CAT) relief.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60782

He asserts that, if he is returned to Jamaica, he will more likely than not be tortured by members of the Rude Boys gang on account of his sexual lifestyle.

Stanton-Black failed to exhaust, and we lack jurisdiction to consider, his claims that the IJ (1) failed to develop the record as required by 8 U.S.C. § 1229a(b)(1) and 8 C.F.R. § 1240.32(b); and (2) improperly required him to provide corroborating evidence without complying with the statutory requirements set forth in *Matter of L-A-C*, 26 I. & N. Dec. 516, 521-22 (BIA 2015). *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1). He does not address, and has thus abandoned any challenge to, the BIA's denial of his motion to remand to pursue cancellation of removal and waiver of inadmissibility. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the BIA's decision but also consider the IJ's decision when, as here, it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review factual findings for substantial evidence, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and questions of law de novo, *see Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

Substantial evidence supports the finding that the single attack on Stanton-Black by the Rude Boys during his incarceration in Pennsylvania in 2010, the injuries from which attack did not require medical attention, did not constitute past torture. *See Gjetani v. Barr*, 968 F.3d 393, 395-96, 399 (5th Cir. 2020) (holding that substantial evidence supported BIA's determination that petitioner had not suffered past persecution when petitioner had been subjected to death threats and single assault resulting in injuries requiring stitches); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) (observing that if actions do not qualify as persecution, they necessarily do not constitute torture). Substantial evidence likewise supports the findings that Stanton-Black had failed to establish that (1) the Rude Boys collaborated with

2

No. 21-60782

Jamaican government officials or posed any threat within the country, (2) anyone in Jamaica would be monitoring his whereabouts given that the incident at issue occurred over ten years ago, or (3) Jamaican government officials would acquiesce in his torture. *See Qorane*, 919 F.3d at 911.

Stanton-Black's argument that his due process rights were violated by the IJ's alleged denial of his request for a hearing extension to supplement the record is without merit. Contrary to his assertion, Stanton-Black did not request, and the IJ did not deny, a hearing extension. Moreover, he cites nothing in the additional documents that would have affected the denial of his CAT claim. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018) (holding that alien must make showing of substantial prejudice to prevail on due process claim).

The petition for review is DENIED IN PART and DISMISSED IN PART.