[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12630

Non-Argument Calendar

_____

TRUNG BAO HOANG,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-557-501

_____

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Trung Bao Hoang ("Petitioner"), a native and citizen of Vietnam, petitions for review of the final order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Petitioner's applications for asylum, for withholding of removal, and for relief under the United Nations Convention Against Torture ("CAT"). No reversible error has been shown; we deny the petition.

Petitioner entered the United States in February 2020 and was charged as removable. Petitioner -- through his lawyer -- conceded removability and applied for asylum, for withholding of removal, and for CAT relief. In support of his applications for relief, Petitioner alleged that he had been persecuted by the Vietnamese government on account of his political opinion.

The IJ denied Petitioner relief. The IJ found Petitioner lacked credibility "as to the central facts underlying" his claims for relief. In making that adverse credibility finding, the IJ described portions of Petitioner's testimony that the IJ found implausible, identified several inconsistencies in Petitioner's testimony (including internal inconsistencies and inconsistencies with other evidence), and noted that Petitioner's claims lacked independent corroborating evidence. Given the adverse credibility finding and the

lack of reliable evidence corroborating Petitioner's claims, the IJ denied Petitioner's applications for asylum, for withholding of removal, and for CAT relief.

Petitioner -- through his lawyer -- filed a notice of appeal to the BIA. On the notice-of-appeal form, Petitioner's lawyer checked a box indicating that Petitioner intended to file a separate written brief. Never did Petitioner, however, file an appellate brief. Attached to Petitioner's notice of appeal were three news articles (dated January, June, and September 2020). In a supplemental filing, Petitioner submitted two additional news articles (both dated March 2021) and supplemental statements from himself and from his wife.

The BIA affirmed the IJ's decision. First, the BIA concluded that Petitioner waived any challenge to the IJ's adverse credibility finding and waived any challenge to the IJ's determination that Petitioner failed to demonstrate eligibility for relief. Second, the BIA construed Petitioner's submission of new evidence as a motion to remand. The BIA denied the motion because none of the newly-submitted evidence was likely to change the outcome of Petitioner's case and because at least some of the evidence was available at the time of Petitioner's December 2020 merits hearing. This appeal followed.

Because the BIA did not adopt expressly the IJ's decision, we review only the BIA's decision. *See Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). We review for abuse of discretion the BIA's decision to dismiss summarily a claim without reaching

the merits. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143, 1145 (11th Cir. 2010). The BIA abuses its discretion if it exercises its discretion in an "arbitrary or capricious" manner, misapplies the law in reaching its decision, or fails to follow its own precedent without offering a reasonable explanation for doing so. *See Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013).

"The BIA has discretion to summarily dismiss claims where the record clearly indicates that the applicant has waived her right to appeal." *Lapaix*, 605 F.3d at 1144. To avoid dismissal, a party appealing an IJ's decision to the BIA must "specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." *See* 8 C.F.R. § 1003.3(b). An applicant seeking to challenge the IJ's findings of fact must identify "the specific facts contested." *Id.* "Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged." *Id.* "Passing references to issues are insufficient to raise a claim for appeal." *Lapaix*, 605 F.3d at 1145.

As an initial matter, Petitioner represents falsely that he proceeded *pro se* during his appeal to the BIA. The record demonstrates clearly that Petitioner was represented by a lawyer in the pertinent proceedings before the IJ and the BIA. We decline Petitioner's invitation to construe liberally his counseled notice of appeal to the BIA. *Cf. Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1331 n.2 (11th Cir. 2019) ("*Pro se* pleadings are held to a less stringent

21-12630                Opinion of the Court                5

standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

The BIA abused no discretion in determining that Petitioner failed to challenge meaningfully either the IJ's adverse credibility finding or the IJ's determination that Petitioner was ineligible for relief. Despite indicating his intent to do so on the notice-of-appeal form, Petitioner filed no brief in support of his appeal to the BIA.[*] And Petitioner's notice of appeal included only this language:

> The judge didn't seem to take into consideration of the serious of this Dong Tam protest in Vietnam. Also Vietnam is a communist country so some information about the seriousness of this protest couldn't leak out. [Petitioner] was truthful in his testimony and some little details he might not remember clearly since he was injured and got beaten up badly by the Vietnam police -- Attached are 3 articles and 10 pages total.

---

[*] We note that the notice-of-appeal form includes this express warning:

> If you mark "Yes" in item #8 ["Do you intend to file a separate written brief or statement after filing this Notice of Appeal?"], you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

This passing reference to the truthfulness of Petitioner's testimony -- without identifying which of the IJ's detailed factual findings were being contested and without making any substantive argument about the IJ's adverse credibility finding or about the IJ's denial of relief -- was insufficient to raise those claims on appeal. *See Lapaix*, 605 F.3d at 1143, 1145. The BIA abused no discretion in treating those arguments as waived.

We review the BIA's denial of Petitioner's motion to remand under an abuse-of-discretion standard. *See Sow v. U.S. Att'y Gen.*, 949 F.3d 1312, 1317 (11th Cir. 2020). "A motion to remand for the purpose of presenting additional evidence must conform to the same standards as a motion to reopen and will only be granted if the evidence was previously unavailable and would likely change the result in the case." *Matter of L-A-C-*, 26 I & N Dec. 516, 526 (BIA 2015); *see* 8 C.F.R. § 1003.2(c)(1) (governing motions to reopen).

The BIA abused no discretion in denying Petitioner's motion to remand his case based upon new evidence. First, the BIA determined properly that the news articles published before Petitioner's December 2020 merits hearing were not "previously unavailable." Second, the BIA's determination that the newly-submitted evidence was unlikely to change the outcome of Petitioner's case was not arbitrary or capricious. The supplemental statements from Petitioner and from his wife were cumulative of other evidence already in the record and did nothing to resolve the inconsistencies or implausibilities identified by the IJ. And the news

21-12630                Opinion of the Court                7

articles submitted by Petitioner focused on events surrounding a 9 January 2020 protest (a protest Petitioner did not attend) and were unrelated to the IJ's stated reasons for finding Petitioner not credible.

PETITION DENIED.