NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NELSON IPARDO CASTILLO TINOCO;
ILSA IVETH PINEDA PINEDA;
ANAIVETH CASTILLO PINEDA;
NELSON DAVID CASTILLO-PINEDA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-636

Agency Nos.
A213-153-816
A213-153-817
A213-153-818
A213-153-819

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioners, a Honduran family, seek review of the Board of Immigration

Appeals' ("BIA") decision dismissing their appeal from an immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"Our review is limited to the BIA's decision except where the IJ's opinion is expressly adopted." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We review factual findings under the highly deferential substantial evidence standard and review legal conclusions de novo. *Id.* (citations omitted).

1. Substantial evidence supports the BIA's dispositive determination that Petitioners failed to show the Honduran government was or would be unable or unwilling to protect them from the private actor they fear. The record supports the finding that the lead Petitioner, Nelson Castillo Tinoco, never reported the threats or harassment to police, and he acknowledged that Honduran police had previously arrested the persecutor for assaulting another person in the same area.

The evidence does not compel a contrary finding under the "unable or unwilling" standard. *See id.* at 832. Where, as here, the applicant did not seek police protection and the record shows some enforcement activity, the agency may conclude the government is not unwilling or unable to control the harm. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Because this ground is dispositive of asylum and withholding, the BIA did not err by declining to address alternative elements—i.e., past persecution, nexus,

internal relocation, or the cognizability of the proposed social groups. *See Matter of L-A-C-*, 26 I. & N. Dec. 516, 526 n.7 (BIA 2015); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

2. Substantial evidence also supports the denial of CAT relief. The BIA affirmed the IJ's determination that Petitioners failed to show it is "more likely than not" they would be tortured if returned to Honduras, including for lack of government involvement or acquiescence. *See* 8 C.F.R. § 1208.16(c)(2); *Ridore v. Holder*, 696 F.3d 907, 915–16 (9th Cir. 2012). Petitioners did not claim past torture, and the record supports the finding that Petitioners' fear of future torture rests on speculation that the persecutor would discover their return and harm them with government acquiescence. Generalized country-conditions evidence of crime and corruption does not, without more, establish the requisite state action or willful blindness. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Nor may eligibility be established by "stringing together a series of suppositions." *Matter of J-F-F-*, 23 I. & N. Dec. 912, 917–18 & n.4 (A.G. 2006).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. No. 2) is otherwise denied.